Minute Order Form (06/97)

United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 899 | **DATE** | March 6, 2003 |
| **CASE TITLE** |  | *Rodriguez v. Melrose Park* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff Janet Rodriguez's request for an extension of the time to appeal pursuant to Fed. R. App. P. 4(a)(6) is denied as untimely. Her motion for the entry of a separate judgment pursuant to Fed. R. Civ. P. 58(d) is, however, granted. The clerk is directed to prepare and enter a Rule 58 judgment for the December 6, 2002, order using the AO 450 form. If Ms. Rodriguez wishes to appeal, she must file a notice of appeal within thirty days of the date of the entry of this order. The clerk is directed to forward a copy of this order to the Seventh Circuit in connection with Case No. 03-1286.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 93 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| RTS | courtroom deputy's initials | 03 MAR 11 AM 8:04 | | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET RODRIGUEZ, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 99 C 899 | |
| ) | | |
| MELROSE PARK POLICE OFFICERS, ) | | |
| et al., ) | | |
| Defendant. ) | | |

## MEMORANDUM AND ORDER

Plaintiff Janet Rodriguez seeks leave to file a late notice of appeal. The court construes this motion as a request for an extension of the time to appeal pursuant to Fed. R. App. P. 4(a)(6) and, alternatively, for the entry of a separate judgment pursuant to Fed. R. Civ. P. 58(d). For the following reasons, the motion for an extension is denied and the motion for the entry of a separate judgment is granted.

### Discussion

Federal Rule of Appellate Procedure 4(a)(6) governs the filing of extensions of time to file a late notice of appeal. That rule provides that, "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied: (A) the motion is filed within 180 days of entry of the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier; (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive notice from the district court or any party within 21 days after entry; and (C) the court finds that no party would be prejudiced."



The order which Ms. Rodriguez seeks to appeal addressed her motion to adjudicate settlement proceedings. It was dated December 6, 2002, and was entered on the court's docket on that same day. Ms. Rodriguez' attorneys state that they did not receive a copy of the order when it issued and that they found out about it on January 15, 2003, when they contacted the court's clerk to check on the status of the case. Ms. Rodriguez filed a notice of appeal on February 4, 2003, which was docketed as Case No. 03-1286. The Seventh Circuit has issued an order asking the parties to address the timeliness of Ms. Rodriguez' appeal.

The court has already declined to reissue the December 6th order as it cannot restart the time to appeal by reentering an order. *See, e.g., Chambers v. American Trans Air, Inc.*, 990 F.2d 317, 318 (7th Cir. 1993). With respect to the motion for an extension of the time to appeal, the time limitations in Rule 4(a)(6)(A) require the court to deny the motion unless it is filed by the earlier of: (1) seven business days after Ms. Rodriguez learned of the court's decision; and (2) 180 days after the entry of the court's December 6, 2002 judgment. The first option is clearly the earlier date, which means that the present motion for an extension of time, which was filed on February 25, 2003, is untimely.

Ms. Rodriguez's prayer for relief also states, without any elaboration, that "rules 58 and 79 of the FRCP . . . allow up to 150 days for the filing of a notice of appeal when a judgment is not set forth on a separate document." Rules 58 and 79, of course, allow no such thing. The court surmises that Ms. Rodriguez is referring to Fed. R. App. P. 4(a)(7)(A), which provides that a judgment or order is entered for the purposes of Rule 4(a):

> (i) if Federal Rule of Civil Procedure 58(a)(1) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); or

> (ii) if Federal Rule of Civil Procedure 58(a)(1) does not require a separate document, when the judgement or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:
>
> - the judgement or order is set forth on a separate document, or
> - 150 days have run from entry of the judgement or order in the civil docket under Federal Rule of Civil Procedure 79(a).

Rule 58(a)(1) does not require a separate document if the order at issue disposes of a motion for judgment under Rule 50(b), to amend or make additional findings of fact under Rule 52(b), for attorneys' fees, for a new trial, or for relief under Rule 59 or Rule 60. Because the motion to adjudicate settlement proceeds does not fit into any of these pigeonholes, the 150-day period in Fed. R. App. P. 4(a)(7)(A)(ii) does not apply.

This begs the question: was the court required to enter a separate judgment when it resolved Ms. Rodriguez's post-judgment motion? If so, Ms. Rodriguez's present appeal, which is pending before the Seventh Circuit, is paradoxically both untimely (because it was not filed within thirty days of the entry of the appealed-from order) and premature (because the court did not enter a separate judgment). *See Otis v. City of Chicago*, 29 F.3d 1159, 1166 (7th Cir.1994) (en banc) (it is incorrect to assume that "the maximum number of opportunities to appeal is one"). The Seventh Circuit, not this court, is of course the ultimate arbiter of these points. Nevertheless, because no separate judgment was entered, the court will construe Ms. Rodriguez's present motion as a request for entry of a separate judgment. *See* Fed. R. Civ. P. 58(d). The court has jurisdiction to consider this request because the untimely appeal currently before the Seventh Circuit does not divest this court of jurisdiction. *See, e.g., U.S. v. Bastanipour*, 697 F.2d 170 (7th 1982).

Rule 58 requires that judgment be "set forth on a separate document." Although it seems counterintuitive to enter a second Rule 58 judgment in connection with post-judgment proceedings, a "judgment" includes "any order from which an appeal lies." Fed. R. Civ. P. 54. So, Ms. Rodriguez was entitled to a second Rule 58 judgment if the December 6th order was appealable. According to the Seventh Circuit, "[p]ost-judgment proceedings are treated for purposes of appeal as a separate lawsuit, and orders in those proceedings are appealable if final." *Trustees of Pension, Welfare, and Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.*, 223 F.3d 459, 463-64 (7th Cir. 2000); *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1225 (7th Cir. 1993).

An order is generally considered final if it "ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 666 (7th Cir.1986). With respect to post-judgment proceedings, however, an order is final and appealable if it disposes of all of the issues raised by the motion before the court. *See Central States, S.E. & S.W. Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5, 6 (7th Cir.1992); *Transportation Cybernetics, Inc. v. Forest Transit Comm'n*, 950 F .2d 350, 352 (7th Cir.1991). The court's December 6th order satisfies this standard, as it conclusively resolved the question of whether Ms. Rodriguez was entitled to the settlement proceeds. The court thus concludes that Ms. Rodriguez was entitled to a judgment on a separate document under Rule 58.

This does not mean, however, that Ms. Rodriguez has successfully made her way out of the jurisdictional woods. It is possible for a minute order to satisfy Rule 58's separate document requirement. *See Paganis v. Blonstein*, 3 F.3d 1067, 1070 n.1 (7th Cir. 1993). A Rule 58

judgment "should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion." *Otis v. City of Chicago*, 29 F.3d at 1163. The minute order in this case directs the reader to see the reverse side of the minute order, which contains legal reasoning. Because the order provides the reasons for the court's disposition, it does not satisfy Rule 58. *See id., see also Hope v. U.S.*, 43 F.3d 1140, 1142 (7th Cir. 1994). Accordingly, Ms. Rodriguez' motion for entry of a separate judgment under Rule 58(d) is granted.

## Conclusion

Plaintiff Janet Rodriguez's request for an extension of the time to appeal pursuant to Fed. R. App. P. 4(a)(6) is denied as untimely. Her motion for the entry of a separate judgment pursuant to Fed. R. Civ. P. 58(d) is, however, granted. The clerk is directed to prepare and enter a Rule 58 judgment for the December 6, 2002, order using the AO 450 form. If Ms. Rodriguez wishes to appeal, she must file a notice of appeal within thirty days of the date of the entry of this order.

DATE:

*Blanche M. Manning*
Blanche M. Manning
United States District Judge